SANDER (UNITED STATES v.). See Case No. 16,219.

## Case No. 12,292.

### Ex parte SANDERS.

[3 App. Com'r Pat. 438.]

Circuit Court, District of Columbia. Feb. 20, 1861.

PATENTS—IMPROVEMENT IN CONSTRUCTING POWDER MILLS—OBJECT TO BE ATTAINED—MISLEADING.

[1. Where it does not appear that an alleged improvement in constructing powder mills, so as to prevent loss of life and property from explosions, would have that effect, a patent is properly refused on the ground that it would mislead the public.]

[2. The court, on appeal from the commissioner of patents, is limited to the papers and evidence which were before the commissioner, and has no power to receive proofs of experts as to the utility of an invention; nor has it power to send the case back to take such proofs.]

Appeal [by D. G. Sanders] from the decision of the commissioner of patents, refusing him a patent for alleged improvement in constructing powder mills.

DUNLOP, Chief Judge. I have carefully read the papers in this case and the argument of the appellant's counsel. There is no doubt, a powder explosion in the granulating chambers of the appellant's proposed structure, being of weak and fragile materials, would first throw down these chambers, which are capable of making the least resistance, but there is no certainty that the inner and stronger built tower, the depository of the manufactured powder, would successfully resist the explosion. That would depend upon the quantity of combustible material in the granulating and pounding chambers when the accident occurs. The appellant's proposed inner strong built tower would be of no patentability, unless it was shown to be a protection to life and property in the usual and ordinary manufacture of gun powder. No such proof is given, and in the absence of it, as the examiner properly argues, the grant of a patent would mislead the public, and tend to engender a false security in manufactures and workmen, producing, perhaps, greater risk of life and property than now exists, in this dangerous manufacture. I think the commissioner was right in sustaining the examiner board of appeals, and refusing the appellant a patent.

I have no power, as is intimated in the fourth reason of appeal, to send the case back to the office, to prove, by competent experts, the alleged utility of the structure or to receive or hear such proof on this appeal. I am limited by law to the papers and evidence which were before the commissioner. I over-rule all the reasons of appeal, and do, this 20th of February, 1861, affirm the judgment of the commissioner of date the 15th of October, 1859. I return herewith all the papers, drawings, and model, with this, my opinion and judgment, this 20th February, 1861.

## Case No. 12,293.

### SANDERS v. The ELLEN HARDY.

[1 Leg. Gay. 22; 1 Chi. Leg. News, 285.]

District Court, D. Minnesota. 1869.

MARITIME LIEN — LOSS OR DAMAGE TO GOODS — AFFREIGHTMENT.

[This was a libel by J. H. Sanders against the steamboat Ellen Hardy.]

NELSON, District Judge. 1. If a person is engaged in transporting merchandise on vessels navigating our inland waters, the service is maritime, and the admiralty court will enforce the contract. If the conveyance is by land, the service is not maritime, and the remedy is at common law.

2. The contract in this case was for maritime service, and the failure to comply with any part of it gave the libellant his remedy in admiralty. The maritime law gives a lien upon the vessel for the safe conveyance and delivery of the goods according to the contract, and the freighter a lien upon the goods to secure the payment of the freight; and the fact that a charter party existed, of which the shipper had no knowledge, cannot change the liability or relieve the boat from the lien which the contract establishes.